## C. S. ANDERSON v. JOHN BACKLUND.[1]

May 29, 1924.

No. 23,951.

**Verbal contract not proved.**

John Backlund was a tenant on a 640-acre farm, owned by Anderson, on which was valuable pasture and Anderson said to the tenant: "Well now John, why don't you get some more cattle on here and make good use of all that grass and make some money?" Tenant answered: "Some of my neighbors tells me if I stock up too heavy in the pasture and there is a 'short spell' I will be short of water." Anderson answered: "Never mind the water, John, I will see there will be plenty of water cause it never failed in Minnesota yet." *Held* that this talk did not constitute a contract.

Action in the district court for Pipestone county to recover $985.68 on a promissory note. The case was tried before Nelson, J., who when plaintiff rested denied his motion for judgment on the pleadings and at the close of the testimony granted his motion for

[1]Reported in 199 N. W. 90.

a directed verdict for $1,454.12. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Charles Dealy* and *George P. Gurley,* for appellant.

*Evans & Evans,* for respondent.

WILSON, C. J.

This is an action to recover on a promissory note. Plaintiff's cause of action is not in controversy. The defendant alleged a counterclaim. Defendant was a tenant on a 640-acre farm owned by plaintiff and a written lease defined the terms of this tenancy. He alleges, however, that, in the month of June, the parties made a further oral agreement, for the purpose of more securely assuring plaintiff that he would receive certain cash rent accruing in prior years, wherein defendant agreed to buy 100 head of cattle and bring upon the farm and consume good pasture thereon and that plaintiff agreed to provide, keep and maintain on the farm a well, watering equipment and water ample and sufficient for the needs of such 100 head of cattle as well as for 67 head of cattle then owned and kept on the farm by defendant; and that, relying upon such agreement and being induced thereby, defendant purchased and placed on the farm 107 head of cattle. That plaintiff violated his agreement; that the water supply failed, and because thereof all the 174 head of cattle became wasted, thin and depreciated in value and defendant was damaged in the sum of $2,500.

The court directed a verdict for the plaintiff for the amount claimed in the complaint, and from an order denying defendant's motion for a new trial he has appealed.

Our first inquiry is as to whether the oral contract as alleged by defendant is in fact established by the proofs. The only evidence in support of this allegation is the testimony of the defendant, John Backlund, which is as follows:

"Well Mr. Anderson drove on the place, come there the same as always, and asked how everything was and how we got along. I told him it began to look pretty blue for me, two years kind of light crop I said and it looked to me I can't make both ends meet,

and Mr. Anderson said 'Well now John'—I remember the words— 'Why don't you get some more cattle on here and make good use of all that grass and make some money.' Well, I says, 'Some of my neighbors tells me if I stock up too heavy in the pasture and there be a 'short spell' I will be short of water and I will be up against it and that is the reason I am waiting for you.' Well he said 'Never mind the water, John, I will see there will be plenty of water because it never failed in Minnesota yet' and I say 'all right, I got it all arranged to get all the cattle I want from Long & Hanson in Sioux City, all I have to do is to go to the phone and call them up and the cattle be here in 2 or 3 days.' And he said all right. And then furthermore Anderson always told me 'I am good for my word.' "

If this constitutes a contract, what were the terms? How was he to provide water? Was he to drill a well? If so, when? What was the significance of the words, "because it never failed in Minnesota yet"? This rather characterized the talk more as visiting or advice than a contract, and we are forced to the conclusion that the parties did not make a contract. There is a lack of mutual assent to the same proposition, and the language is entirely too indefinite and general as to the usual elements of a contract. The minds of the parties never met upon the essential terms. Contracts must be certain in terms and not so indefinite and illusory as to make it impossible to say just what is promised. The proof in this respect is insufficient. Because of such insufficiency the counter-claim falls, and the learned trial court was right in directing a verdict.

It becomes unnecessary to discuss the assignment of error relating to the rulings of the court in excluding testimony offered in support of the measure of damages.

Order affirmed.