## NEAL D. McCALEB AND ANOTHER v. MATTIE BLOCK.[1]

May 20, 1932.

No. 28,764.

*Christensen & Ronken,* for appellants.

*A. H. Clemens,* for respondent.

[1]Reported in 242 N. W. 723.

HILTON, J.

On November 20, 1929, plaintiffs (husband and wife) entered into a written contract with defendant whereby they purchased from her an 80-acre farm in Olmsted county. Plaintiffs entered into possession of the land in April, 1930. The purchase price was $8,500, of which $1,000 was paid at the time the contract for a deed* was executed, $100 or more was to be paid on November 20 of each year thereafter up to November 20, 1939, at which time the balance then remaining unpaid would become due and payable. Semi-annual payments of interest at five per cent were to be made on May 20 and December 20 of each year. No interest or other payments have ever been made. Plaintiffs were also to pay the taxes on the farm, but have paid only $46.34, the one-half of the 1929 taxes. Plaintiffs are still in possession of the premises, which they cropped during the seasons of 1930 and 1931.

On August 8, 1930, plaintiffs instituted this action for rescission of the contract and for other relief, basing their claim upon false and fraudulent representations in material statements. claimed to have been made by defendant which induced plaintiffs to enter into the contract. The case was tried to the court without a jury, and judgment ordered and entered in favor of defendant on August 8, 1931. From that judgment this appeal was taken.

The claim of plaintiffs is that prior to the making of the contract defendant fraudulently stated to them that there was plenty of water in the well on the premises and that the water was good. Defendant did not admit that any such statement was made. No fault is found as to the quality of the water.

The court found as a fact that defendant made no false representations regarding the well or water supply upon the land in question, and as conclusions of law found that plaintiffs were not entitled to any remedy or relief. In its memorandum the court states that the evidence did not indicate that there was ever any definite representation of fact regarding the amount of water supplied by the well; that plaintiffs' inquiry was general in its terms; that the remark of defendant was made in good faith and without guile in

response to an indefinite inquiry; that under the circumstances it was merely an expression of opinion or of praise, entitled to a liberal interpretation, and was not a representation upon which to predicate fraud.

The evidence shows that the season of 1930 was an abnormally dry one, none comparable to it having occurred since 1910. During the years of 1923 to 1929, when defendant, her son, and others occupied the premises, there had been an abundance of water.

Plaintiffs' complaint stated that they did not learn until the month of July, 1930, that the well did not yield water as represented, and their testimony was to the same effect.

Not controlling, but of interest, it is to be noted that there was testimony of defendant that in November, 1930, after signing the contract to purchase, the plaintiff husband sought to be released therefrom for the stated reason that his financial affairs had taken a change for the worse and that the carrying out of the contract would be difficult for him. Also that on May 16, 1930, he again tried to be relieved from his contract because he had a sore arm that was bothering him. This testimony was contradicted. Defendant further testified that neither of plaintiffs ever made any complaint to her of any lack of water until after this suit was brought. This testimony was not disputed.

Upon the evidence the court might find that there had not been a failure of the water supply as claimed by plaintiffs. The evidence was in conflict on that point. Its finding that there had been no false representations made as to the water supply was justified by the evidence, as was also its conclusion of law. Under all the circumstances there was not a guaranty as to the quantity of water; the remark as made was one such as is sometimes referred to in the decisions as "trade talk." In Anderson v. Backlund, 159 Minn. 423, 199 N. W. 90 (a landlord and tenant case) statements much stronger than the one here referred to were considered and held not to amount to a contract. The conclusions reached by the trial court should not be disturbed.

Judgment affirmed.